UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMIRE DEZIRE ETHOL MOORE & "MOM," <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, et. al., <br><br> Defendants. | Case No.: 3:25-cv-01512-CAB-MSB <br><br> **ORDER** <br><br> **(1) DENYING IFP APPLICATION; and** <br><br> **(2) DISMISSING COMPLAINT** <br><br> [Doc. Nos. 1–3.] |

On June 12, 2025, Plaintiffs Elmire Moore and "Mom," proceeding pro se, filed a complaint against the Federal Bureau of Prisons, Synchrony Brain Health Services, Ice Neurosystems and several other Defendants. [Compl. at 1.] At the time of filing, Plaintiffs did not prepay the civil filing fees 28 U.S.C. § 1914(a) requires. Instead, Plaintiffs filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] For the reasons discussed below, the Court **DENIES** Plaintiffs' IFP motion and **DISMISSES** this complaint.

## I. Motion to Proceed IFP

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiffs' have provided no detail on any income that they earn. [Doc. No. 2.] Plaintiffs do not explain how they sustain $2,500 in monthly expenses without any income. Accordingly, Plaintiffs' motion to proceed IFP is **DENIED**.

## II. Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Plaintiffs' complaint is largely incomprehensible. *See Jackson v. Arizona*, 885 F.2d 639, 640–41 (9th Cir. 1989) (a complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiffs do not assert a federal cause of action. [Doc. No. 1 at 6.] This pleading cannot be a basis for subject matter jurisdiction. Moreover, it is unclear whether venue is even proper in this judicial district given Plaintiffs appear to reside in the Central District of California. As such, the Court dismisses this action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### III. Conclusion

Plaintiffs' IFP application is **DENIED** and the complaint is **DISMISSED**. The motion to appoint civil counsel, [Doc. No. 3], is **DENIED**.

It is **SO ORDERED**.

Dated: June 17, 2025

Hon. Cathy Ann Bencivengo
United States District Judge